Russell S. Buhite, WSBA #41257
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone:  (206) 693-7052
Facsimile:    (206) 693-7058
Email:  russell.buhite@ogletree.com

*Attorneys for Sun Life
Assurance Company of Canada*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## SPOKANE DIVISION

| | |
|---|---|
| MICHAEL J. HANSON, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>SUN LIFE FINANCIAL SERVICES COMPANY, INC. and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>  Defendants. | Case No. 2:22-cv-00306-MKD<br><br>**DEFENDANT SUN LIFE ASSURANCE COMPANY OF CANADA'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

NOW COMES Defendant Sun Life Assurance Company of Canada ("SLOC"),[1]

through its undersigned counsel, and hereby files its Answer and Defenses to

Plaintiff's Complaint as follows:

---

[1] Plaintiff has named an incorrect party in "Sun Life Financial Services Company, Inc." as there is no such legal entity.  Accordingly, Defendant does not answer on behalf of a non-legal entity.  SLOC is the entity that issued this Group Policy, and is the sole party liable for payment of benefits due, if any, to the claimant.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 1
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## I.    INTRODUCTION

1.1.    SLOC admits that Plaintiff has filed his Complaint asserting a claim for long-term disability insurance benefits following the denial of his claim.  Plaintiff's entitlement to relief in this action is expressly denied.

1.2.    SLOC admits that, based on medical records presented in the course of review of Plaintiff's claim, his medical providers have described cerebrovascular accidents taking place in July and August, 2019.  SLOC is without sufficient information or knowledge to admit or deny and, therefore, denies the allegation that Plaintiff nearly died.

1.3.    The medical records obtained by SLOC in the process of investigating Plaintiff's claim for benefits under the Group Policy speak for themselves.  To the extent that the allegations in Paragraph 1.3 differ from the diagnoses described in the records obtained that comprised SLOC's claim file, SLOC denies the same.

1.4.    SLOC admits that some medical professionals have opined that Plaintiff could not, and cannot, continue his profession as a result of certain findings regarding cognitive functioning, anxiety, and depression.  SLOC denies the remaining allegations in Paragraph 1.4.

1.5.    Admitted as to SLOC that it issued a Group Policy to Mr. Hanson's employer and that he was, at one time, enrolled in coverage.  Otherwise, denied.

1.6.    Admitted as to SLOC.  Otherwise, denied.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 2
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    1.7.    SLOC admits that, based on its thorough review of the medical and other

2    records provided to or obtained by SLOC, as well as independent review of the records

3    by board-certified medical professionals, it determined that Plaintiff had not met his

4    burden of establishing Disability under the SLOC Policy Number 242210 (the "Group

5    Policy").  SLOC denies that it was under an obligation, pursuant to the Group Policy

6    or otherwise, to order a medical examination of the Plaintiff as part of its claim review.

7    Otherwise, denied.

8        1.8.    Admitted.

9        1.9.    Admitted as to SLOC.  Otherwise, denied.

10       1.10.  SLOC denies the allegations in Paragraph 1.10.  Otherwise, denied.

11       1.11.  As to the allegations contained in Paragraph 1.11, SLOC admits that at

12   all relevant times Plaintiff was an enrollee and participant in a benefit plan sponsored

13   by his former employer, Spokane School District #81, which included long-term

14   disability benefits insured by a Group Policy issued by SLOC.  SLOC further admits

15   that the Complaint seeks the relief alleged.  Denied as to Plaintiff's entitlement to the

16   relief requested.  Otherwise, denied.

17       1.12.  SLOC admits that Plaintiff seeks the relief requested, but denies

18   Plaintiff's entitlement to attorneys' fees and costs.

19

20

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 3
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## II.   PARTIES

2.1.   As to the allegations contained in Paragraph 2.1, SLOC is without sufficient information or knowledge to admit or deny Plaintiff's allegations as to Plaintiff's current residence and, therefore, denies the same.

2.2.   As to the allegations contained in Paragraph 2.2, the Spokane School District #81 provided certain benefits to its eligible employees which were funded, at least in part, by SLOC.  SLOC admits that, at all relevant times, Plaintiff was an eligible participant under the Spokane School District #81 benefit plan and eligible to participate in the Long-Term Disability plan described in the Group Policy.  Admitted that SLOC underwrote the Group Policy and administered claims for disability benefits thereunder.

2.3.   The allegations in Paragraph 2.3 state a legal conclusion for which no response is required.  To the extent that a response is required, SLOC admits that, at all times relevant, Mr. Hanson was enrolled in coverage under the Group Policy.

2.4.   SLOC admits that it is a foreign corporation domiciled in Toronto, Ontario and that it has a "United States Branch" with its principal place of business in Wellesley Hills, Massachusetts.

2.5.   SLOC denies the allegations in Paragraph 2.5.

2.6.   SLOC denies the allegations in Paragraph 2.6.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 4
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    2.7.    SLOC admits the allegations contained in Paragraph 2.7 of Plaintiff's

2    Complaint.  Otherwise, denied.

3                         **III.    JURISDICTION AND VENUE**

4    3.1.    Admitted that this Court has jurisdiction of this dispute based on diversity

5    of the parties.  Otherwise, denied.

6    3.2.    Admitted.

7    3.3.    Admitted for venue purposes only.  Otherwise, denied.

8    3.4.    Admitted for venue purposes only.  Otherwise, denied.

9                                    **IV.    FACTS**

10    4.1.    Admitted that records reviewed by SLOC for purposes of Plaintiff's

11    claim describe Mr. Hanson as having been a teacher for more than 20 years.

12    4.2.    Admitted that records reviewed by SLOC for purposes of Plaintiff's

13    claim describe Mr. Hanson as having taught fourth grade for Spokane School District

14    No. 81.

15    4.3.    SLOC admits that during his employment with Spokane School District

16    No. 81 he was enrolled in the Group Policy issued by SLOC and that the premiums

17    paid for the Group Policy were current up through Mr. Hanson's last day of work for

18    Spokane School District No. 81.  Otherwise, denied.

19

20

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 5
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    4.4.    Admitted that the records received and reviewed by SLOC for purposes

2    of examining Plaintiff's claim describe the incident referenced in Paragraph 4.4.

3    Otherwise, denied.

4    4.5.    Admitted that the records received and reviewed by SLOC for purposes

5    of examining Plaintiff's claim describe the actions and medical history alleged in

6    Paragraph 4.5.  Otherwise, denied.

7    4.6.    Admitted that at the time of the incidents alleged in the preceding

8    paragraphs Plaintiff was 49 years old.

9    4.7.    Admitted that the records received and reviewed by SLOC for purposes

10    of examining Plaintiff's claim describe him as having had two strokes and a seizure.

11    Otherwise, denied.

12    4.8.    Admitted that the records received and reviewed by SLOC for purposes

13    of examining Plaintiff's claim describe that he had been placed in a medically-induced

14    coma and that he underwent surgery.  Otherwise, denied.

15    4.9.    Admitted that the records received and reviewed by SLOC for purposes

16    of examining Plaintiff's claim describe the placement of a stent into Plaintiff's left

17    carotid artery.

18    4.10.  Admitted that the records received and reviewed by SLOC for purposes

19    of examining Plaintiff's claim describe a hospitalization of more than a week's

20    duration.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 6
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    4.11.  Admitted that the records received and reviewed by SLOC for purposes

2    of examining Plaintiff's claim describe symptomology arising on August 19, 2019

3    described as weakness and paresthesia.

4    4.12.  Admitted that the records received and reviewed by SLOC for purposes

5    of examining Plaintiff's claim describe his visit to the emergency room and later to

6    MultiCare Deaconess Hospital for further treatment.  Otherwise, denied.

7    4.13.  The medical records received and reviewed by SLOC for purposes of

8    examining Plaintiff's claim speak for themselves.  To the extent that the allegations

9    in Paragraph 4.13 differ from what is described in those medical records, SLOC denies

10    the allegations.

11    4.14.  The medical records received and reviewed by SLOC for purposes of

12    examining Plaintiff's claim speak for themselves.  To the extent that the allegations

13    in Paragraph 4.14 differ from what is described in those medical records, SLOC denies

14    the allegations.

15    4.15.  The medical records received and reviewed by SLOC for purposes of

16    examining Plaintiff's claim speak for themselves.  To the extent that the allegations

17    in Paragraph 4.15 differ from what is described in those medical records, SLOC denies

18    the allegations.

19    4.16. Admitted that certain documents submitted by Plaintiff and his

20    physicians, and reviewed for purposes of his claim by SLOC, describe anxiety,

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 7
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    depression, and some decreased cognitive function at one stage in his recovery.

2    Denied that any of such purported conditions and symptomology established

3    Disability under the Group Policy.

4         4.17.  SLOC is without sufficient information or knowledge to admit or deny

5    the allegations in Paragraph 4.17 and, therefore, denies the same.

6         4.18.  SLOC lacks sufficient information or knowledge to admit or deny the

7    allegations in Paragraph 4.18 and, therefore, denies the same.

8         4.19.  SLOC admits that the records received and reviewed for purpose of

9    examining Plaintiff's claim reflect that Plaintiff went back to work part time in late

10   October, 2019.  SLOC lacks sufficient information or knowledge to admit or deny

11   and, therefore, denies the remaining allegations in Paragraph 4.19.

12        4.20.  SLOC lacks sufficient information or knowledge to admit or deny the

13   allegations in Paragraph 4.20 and, therefore, denies the same.

14        4.21.  SLOC admits that the records received and reviewed for purpose of

15   examining Plaintiff's claim reflect that Plaintiff took sick leave during a portion of the

16   school days between August 2019 and February 2020.  Otherwise, denied.

17        4.22.  SLOC admits that the records received and reviewed for purpose of

18   examining Plaintiff's claim reflect that when the COVID-19 pandemic caused

19   Spokane School District No. 81 to adopt an online learning format, and that Mr.

20   Hanson began teaching social studies online, and that he was "team teaching."  SLOC

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 8
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

lacks sufficient information or knowledge to admit or deny and, therefore, denies the remaining allegations in Paragraph 4.22.

4.23.  SLOC lacks sufficient information or knowledge to admit or deny and, therefore, denies the allegations in Paragraph 4.23.

4.24.  SLOC admits the allegations in Paragraph 4.24.

4.25.  SLOC denies the allegations in Paragraph 4.25.

4.26.  SLOC admits the allegations in Paragraph 4.26.

4.27.  SLOC admits the allegations in Paragraph 4.27 that Plaintiff was enrolled in coverage under the Group Policy at all times relevant.  Otherwise, denied.

4.28.  Admitted that Plaintiff submitted medical records to SLOC for purposes of his claim and that such records were reviewed by SLOC in its examination of the claim.  Otherwise, denied.

4.29.  The Attending Physician Statement received and reviewed by SLOC for purposes of examining Plaintiff's claim speaks for itself.  To the extent that the allegations in Paragraph 4.29 differ from what is described in that document, SLOC denies the allegations.

4.30.  The Attending Physician Statements received and reviewed by SLOC for purposes of examining Plaintiff's claim speak for themselves.  To the extent that the allegations in Paragraph 4.30 differ from what is described in these documents, SLOC denies the allegations

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 9
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

4.31.  SLOC admits that the allegations in Paragraph 4.31 recite a portion of the Group Policy which speaks for itself.  Otherwise, denied.

4.32.  SLOC admits that the allegations in Paragraph 4.32 recite a portion of the definitional section of the Group Policy which speaks for itself.  Otherwise, denied.

4.33.  SLOC admits that the allegations in Paragraph 4.33 recite a portion of the definitional section of the Group Policy which speaks for itself.  Otherwise, denied.

4.34.  SLOC admits that the allegations in Paragraph 4.34 recite a portion of the definitional section of the Group Policy which speaks for itself.  Otherwise, denied.

4.35.  SLOC admits that the allegations in Paragraph 4.35 recite a portion of the definitional section of the Group Policy which speaks for itself.  Otherwise, denied.

4.36.  SLOC admits that the allegations in Paragraph 4.36 recite a portion of the definitional section of the Group Policy which speaks for itself.  Otherwise, denied.

4.37.  The correspondence from SLOC to Plaintiff dated August 4, 2020 speaks for itself.  To the extent that the allegations in Paragraph 4.37 do not completely set forth the contents of the August 4, 2020 correspondence, they are denied.  Admitted that SLOC determined, based on all of the medical and other records received and reviewed by it for purposes of examining Plaintiff's claim, that Plaintiff had not established Disability for purposes of coverage under the Group Policy.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 10
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

4.38.  The correspondence from SLOC to Plaintiff dated August 4, 2020 speaks for itself.  To the extent that the allegations in Paragraph 4.38 do not completely set forth the contents of the August 4, 2020 correspondence, they are denied.

4.39.  The correspondence from SLOC to Plaintiff dated August 4, 2020 speaks for itself.  To the extent that the allegations in Paragraph 4.39 do not completely set forth the contents of the August 4, 2020 correspondence they are denied.

4.40.  The correspondence from SLOC to Plaintiff dated August 4, 2020 speaks for itself.  To the extent that the allegations in Paragraph 4.40 do not completely set forth the contents of the August 4, 2020 correspondence they are denied.

4.41.  SLOC denies the allegations in Paragraph 4.41.

4.42.  The claim file maintained by SLOC regarding Plaintiff's claim speaks for itself.  To the extent that the allegations in Paragraph 4.42 differ from what is described in the claim file, they are denied by SLOC.

4.43.  The claim file maintained by SLOC regarding Plaintiff's claim speaks for itself.  To the extent that the allegations in Paragraph 4.43 differ from what is described in the claim file, they are denied by SLOC.

4.44.  SLOC admits that the materials in the claim file maintained for purposes of review of Plaintiff's claim reflect the incident alleged in Paragraph 4.44.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 11
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    4.45.  The claim file maintained by SLOC regarding Plaintiff's claim speaks

2    for itself.  To the extent that the allegations in Paragraph 4.45 differ from what is

3    described in the claim file, they are denied.

4    4.46.  The opinions of Ms. Jacobus reflected in the claim file speak for

5    themselves.  Otherwise, denied.

6    4.47.  The opinions of Ms. Jacobus reflected in the claim file speak for

7    themselves.  Otherwise, denied.

8    4.48.  The Group Policy speaks for itself.  Plaintiff failed to establish Disability

9    as defined in the Group Policy by providing evidence establishing that, as a result of

10   sickness commencing while he was insured, he was unable to perform one or more of

11   the material and substantial duties of his regular occupation.

12   4.49.  SLOC denies that the Group Policy required it to perform cognition tests

13   on the Plaintiff for purposes of its review of the claim.  It was incumbent upon Plaintiff

14   to establish Disability as defined in the Group Policy by providing evidence

15   establishing that, as a result of Accident or Sickness commencing while he was

16   insured, he was unable to perform one or more of the material and substantial duties

17   of his regular occupation.

18   4.50.  Admitted that the Group Policy afforded SLOC the right to request an

19   examination of Plaintiff in reviewing the claim.  Denied that SLOC was required to

20   order such examinations, and denied that they were necessary.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 12
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    4.51.  SLOC's August 4, 2020 letter speaks for itself.  Denied that the

2    allegations in Paragraph 4.51 accurately state the contents of that letter.

3    4.52.  Admitted that, after receiving SLOC's August 4, 2020 letter, Plaintiff

4    submitted additional records for SLOC that he requested it consider for purposes of

5    appeal of the claim denial.  Otherwise, denied.

6    4.53.  SLOC admits the allegations of Paragraph 4.53.

7    4.54.  SLOC lacks sufficient information or knowledge to admit or deny the

8    allegations in Paragraph 4.54 and, therefore, denies the same.

9    4.55.  Admitted that SLOC has reviewed Dr. Mabee's curriculum vitae.  SLOC

10   lacks sufficient information or knowledge to admit or deny the allegations in

11   Paragraph 4.55 as to Dr. Mabee's qualifications and, therefore, denies the same.

12   Otherwise, denied.

13   4.56.  SLOC lacks sufficient information or knowledge to admit or deny the

14   allegations in Paragraph 4.56 as to Dr. Mabee's review of records and examination of

15   the Plaintiff.

16   4.57.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

17   extent that the allegations contained in Paragraph 4.57 differ from the contents of the

18   report as a whole, they are denied by SLOC.

19

20

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 13
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1      4.58.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

2  extent that the allegations contained in Paragraph 4.58 differ from the contents of the

3  report as a whole, they are denied by SLOC.

4      4.59.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

5  extent that the allegations contained in Paragraph 4.59 differ from the contents of the

6  report as a whole, they are denied by SLOC.

7      4.60.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

8  extent that the allegations contained in Paragraph 4.60 differ from the contents of the

9  report as a whole, they are denied by SLOC.

10     4.61.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

11  extent that the allegations contained in Paragraph 4.61 differ from the contents of the

12  report as a whole, they are denied by SLOC.

13     4.62.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

14  extent that the allegations contained in Paragraph 4.62 differ from the contents of the

15  report as a whole, they are denied by SLOC.

16     4.63.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

17  extent that the allegations contained in Paragraph 4.63 differ from the contents of the

18  report as a whole, they are denied by SLOC.

19

20

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 14
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    4.64.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

2    extent that the allegations contained in Paragraph 4.64 differ from the contents of the

3    report as a whole, they are denied by SLOC.

4    4.65.  Dr. Mabee's report, contained in the claim file, speaks for itself.  To the

5    extent that the allegations contained in Paragraph 4.65 differ from the contents of the

6    report as a whole, they are denied by SLOC.

7    4.66.  SLOC admits the allegations of Paragraph 4.66.

8    4.67.  Admitted that Plaintiff submitted materials to SLOC for purposes of his

9    appeal.  The remaining allegations in Paragraph 4.67 state a legal conclusion for which

10    no response is required.  Should it be determined that a response is required, SLOC

11    denies the allegations.

12    4.68.  SLOC admits the allegations in Paragraph 4.68.

13    4.69.  SLOC denies the allegations in Paragraph 4.69 as stated.  The December

14    9, 2021 letter speaks for itself.  The allegations in Paragraph 4.69 do not fully and

15    accurately recite the contents of the sentence in question in the letter.  Accordingly,

16    SLOC denies the allegations.

17    4.70.  The Group Policy speaks for itself.  The Plaintiff bore the burden of

18    presenting sufficient evidence of Disability under the Group Policy for purposes of

19    establishing coverage through records of his physicians or otherwise for the relevant

20    periods.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 15
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

4.71. The Plaintiff bore the burden of presenting sufficient evidence of Disability for purposes of establishing coverage through records of his physicians or otherwise for the relevant periods. Denied that Plaintiff met this burden. The materials submitted in the claim file maintained by SLOC for purposes of Plaintiff's claim speak for themselves.

4.72. The December 9, 2021 letter speaks for itself. Denied that the allegations in Paragraph 4.72 accurately and completely reflect the contents of that letter or denial of coverage generally.

4.73. The December 9, 2021 letter speaks for itself. To the extent that the allegations in Paragraph 4.73 differ from the contents of that letter, they are denied by SLOC.

4.74. In response to Paragraph 4.74, SLOC states that, as to the timeframe described in the December 9, 2021 letter regarding Mr. Kreilkamp's opinions as to memory issues and balance, it was unclear from the records whether Mr. Kreilkamp examined Plaintiff for purposes of rendering the opinion. SLOC is otherwise without sufficient information or knowledge to admit or deny the allegations as to his examination of the Plaintiff and, therefore, denies the same. Admitted that the medical consultants that SLOC asked, through a vendor, to review records for purposes of rendering opinions did not examine the Plaintiff.

4.75. SLOC denies the allegations in Paragraph 4.75.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 16
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

4.76. The December 9, 2021 letter speaks for itself. To the extent that the allegations in Paragraph 4.76 differ from the contents of that letter they are denied by SLOC.

4.77. SLOC admits the allegations in Paragraph 4.77.

4.78. Denied that Dr. Label and Dr. Yuppa failed to review relevant medical records provided for purposes of rendering their opinions. Otherwise, denied.

4.79. SLOC denies the allegations in Paragraph 4.79.

4.80. SLOC denies the allegations in Paragraph 4.80.

4.81. SLOC denies the allegations in Paragraph 4.81 as stated. As SLOC pointed out in its denial letter of December 9, 2021, Dr. Mabee concluded, based on cognitive testing on July 28, 2021, that Plaintiff did not have a cognitive disorder, based on MOCA results scoring 28/30 which was within the normal range. To the extent that Dr. Mabee nevertheless maintained that test results or examinations supported disability despite the cognitive test results, SLOC denies such the validity of such conclusions for the reasons stated in the December 9, 2021 letter.

4.82. The December 9, 2021 letter speaks for itself. To the extent that the allegations in Paragraph 4.82 differ from the contents of that letter they are denied by SLOC.

4.83. Denied that SLOC required Plaintiff to prove his claim by "patently clear proof." The Group Policy speaks for itself.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 17
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1   4.84.   Denied that SLOC required Plaintiff to prove his claim by "patently clear

2   proof."  The Group Policy speaks for itself.

3   4.85.   The Group Policy speaks for itself.  SLOC further states that the Group

4   Policy requires that Plaintiff present sufficient evidence to establish Disability.  SLOC

5   denies that Plaintiff has presented sufficient proof to support entitlement to benefits.

6   4.86.   The Group Policy speaks for itself.  SLOC further states that the Group

7   Policy requires that Plaintiff present sufficient evidence to establish Disability.  SLOC

8   denies that Plaintiff has presented sufficient proof to support entitlement to benefits.

9   4.87.   The Group Policy speaks for itself.  Denied that SLOC only performed

10  an "initial review."

11  4.88.   The allegations in Paragraph 4.88 state a legal conclusion for which no

12  response is required.

13  4.89.   SLOC denies the allegations in Paragraph 4.89.

14  4.90.   SLOC denies the allegations in Paragraph 4.90.

15  4.91.   SLOC denies the allegations in Paragraph 4.91.

16  4.92.   The allegations in Paragraph 4.92 state a legal conclusion for which no

17  response is required.  To the extent that a response is deemed necessary, SLOC denies

18  the allegations.  Otherwise, denied.

19  4.93.   In response to the allegations in Paragraph 4.93, SLOC states that the

20  allegations refer to medical records post-dating the final denial after appeal of

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 18
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    Plaintiff's claim.   The medical records contained in the claim file speak for

2    themselves.  To the extent that the allegations do not fully and accurately recite the

3    contents of the claim file, SLOC denies the same.  To the extent that the allegations

4    recite alleged medical conditions, treatment, or recommended treatment, for which

5    medical records were never submitted to SLOC for review for purposes of the claim,

6    SLOC lacks sufficient information or knowledge to admit or deny and, therefore,

7    denies the same.

8         4.94.  In response to the allegations in Paragraph 4.94, SLOC states that the

9    allegations refer to medical records post-dating the final denial after appeal of

10   Plaintiff's claim.   The medical records contained in the claim file speak for

11   themselves.  To the extent that the allegations do not fully and accurately recite the

12   contents of the claim file, SLOC denies the same.  To the extent that the allegations

13   recite alleged medical conditions, treatment, or recommended treatment, for which

14   medical records were never submitted to SLOC for review for purposes of the claim,

15   SLOC lacks sufficient information or knowledge to admit or deny and, therefore,

16   denies the same.

17        4.95.  In response to the allegations in Paragraph 4.95, SLOC states that the

18   allegations refer to medical orders post-dating the final denial after appeal of

19   Plaintiff's claim.   The medical records contained in the claim file speak for

20   themselves.  To the extent that the allegations do not fully and accurately recite the

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 19
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

contents of the claim file, SLOC denies the same.  To the extent that the allegations recite alleged medical conditions, treatment, or recommended treatment, for which medical records were never submitted to SLOC for review for purposes of the claim, SLOC lacks sufficient information or knowledge to admit or deny and, therefore, denies the same.

4.96.  In response to the allegations in Paragraph 4.96, SLOC states that the allegations refer to medical conditions or records post-dating the final denial after appeal of Plaintiff's claim.  The medical records contained in the claim file speak for themselves.  To the extent that the allegations do not fully and accurately recite the contents of the claim file, SLOC denies the same.  To the extent that the allegations recite alleged medical conditions, treatment, or recommended treatment for which medical records were never submitted to SLOC for review for purposes of the claim, SLOC lacks sufficient information or knowledge to admit or deny and, therefore, denies the same.

4.97.  In response to the allegations in Paragraph 4.97, SLOC states that the allegations refer to medical records post-dating the final denial after appeal of Plaintiff's claim.  The medical records contained in the claim file speak for themselves.  To the extent that the allegations do not fully and accurately recite the contents of the claim file, SLOC denies the same.  To the extent that the allegations recite alleged medical conditions, treatment, or recommended treatment, for which

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 20
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1  medical records were never submitted to SLOC for review for purposes of the claim,

2  SLOC lacks sufficient information or knowledge to admit or deny and, therefore,

3  denies the same.

4      4.98.  As to the allegations contained in Paragraph 4.98, SLOC lacks sufficient

5  information or knowledge to admit or deny Plaintiff's allegations as to Plaintiff's

6  current limitations and symptomology and, therefore, denies the same.

7      4.99.  The allegations in Paragraph 4.99 state a legal conclusion for which no

8  response is necessary.  To the extent that a response is required, SLOC denies the

9  allegations.

10      4.100.  SLOC admits that this matter is ripe for the Court's consideration.

11  **V.    FIRST CAUSE OF ACTION: CLAIM FOR BENEFITS**

12      5.1.    SLOC restates and realleges it answers and defenses to the allegations in

13  Paragraphs 1.1-4.100 as if fully stated herein.

14      5.2.    SLOC denies the allegations in Paragraph 5.2.

15      5.3.    SLOC denies the allegations in Paragraph 5.3.

16      5.4.    SLOC denies the allegations in Paragraph 5.4.

17      5.5.    Denied that Plaintiff is entitled to recover Disability benefits under the

18  Group Policy.  Otherwise, denied.

19

20

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 21
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

## VI.    SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

6.1.    SLOC restates and realleges it answers and defenses to the allegations in Paragraphs 1.1-5.5 as if fully stated herein.

6.2.    SLOC admits that this matter is ripe for the Court's determination. Plaintiff's entitlement to the relief requested in this Count is denied by SLOC.

6.3.    SLOC denies the allegations in Paragraph 6.3.

## VII.   JURY DEMAND

7.1.    SLOC admits that Plaintiff demands a jury trial.

## RESPONSE TO PRAYER FOR RELIEF

SLOC denies that Plaintiff is entitled to the relief requested in his Complaint. SLOC submits this Answer and Defenses to Plaintiff's Complaint in response to the allegations therein.

## DEFENSES

SLOC asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.  SLOC does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense.  SLOC reserves the right to assert such other and further defenses of which they may become aware through discovery or otherwise.

## FIRST DEFENSE

Any allegation not previously admitted in this Answer is now denied.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 22
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1

## SECOND DEFENSE

2      The decision to deny Plaintiff's claim was reasonable, correct, and made in

3 good faith in accordance with the terms of the Group Policy and applicable law.

4

## THIRD DEFENSE

5      SLOC asserts every term, condition, exclusion, and provision of the Group

6 Policy that may be construed as an affirmative defense.

7

## FOURTH DEFENSE

8      If the Court should determine that the Plaintiff is entitled to disability benefits,

9 entitlement to which SLOC denies, then, pursuant to the Group Policy at issue, SLOC

10 is entitled to an offset for "Other Income" benefits to which the Plaintiff is, or may be,

11 entitled including, but not limited to, automobile insurance disability wage loss

12 benefits, Social Security Disability benefits, Social Security Retirement benefits,

13 governmental retirement system disability benefits, workers' compensation,

14 occupational disease, unemployment compensation, sick leave, state-mandated

15 disability income plans, certain pension benefits, other group disability benefits

16 collected by Plaintiff, and any other sources of income received by Plaintiff, including

17 any recovery, judgment or settlement received by Plaintiff related to any claims or

18 civil actions related to his claim for LTD benefits.

19

20

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 23
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1

**FIFTH DEFENSE**

2       SLOC asserts that Plaintiff failed to establish that, during the Elimination

3   Period and for the next 36 months, that he was Totally Disabled in his Regular

4   Occupation, as required by the Group Policy.

5

**SIXTH DEFENSE**

6       Any entitlement to Disability benefits, which SLOC denies, if proven would

7   also be limited to 24 months of benefits under the Group Policy for Disability caused

8   by, or contributed to in any way or resulting from Mental Illness as defined in the

9   Group Policy.

10

**SEVENTH DEFENSE**

11      Plaintiff's claims are defeated, in whole or in part, by the doctrines of waiver

12  and/or estoppel.

13

**EIGHTH DEFENSE**

14      Alternatively, to the extent Plaintiff is deemed entitled to any benefits under the

15  Group Policy, and without admitting that Plaintiff is so entitled, only past benefits can

16  be awarded under this Group Policy.  The Group Policy does not permit or provide

17  for payment of accelerated or future LTD benefits.

18

**NINTH DEFENSE**

19      Plaintiff's demand for attorneys' fees should be denied because SLOC's

20  defenses to this action are reasonable and made in good faith.

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 24
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1

**TENTH DEFENSE**

2

Plaintiff's Complaint fails to state a claim for which relief may be granted.

3

**ELEVENTH DEFENSE**

4

SLOC reserves the right to amend this Answer and add additional Defenses as

5

an investigation continues.

6

WHEREFORE, Defendant SLOC denies that Plaintiff is entitled to any item

7

of relief listed in his Complaint, prays that Plaintiff take nothing by his Complaint,

8

requests reimbursement of its reasonable attorneys' fees and costs, and for all other

9

just and proper relief.

10

Respectfully submitted this 25th day of January, 2023.

11

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

12

By: */s/ Russell S. Buhite*

13

Russell S. Buhite, WSBA #41257
1201 Third Avenue, Suite 5150
Seattle, WA 98101

14

Telephone: (206) 693-7052
Facsimile: (206) 693-7058

15

Email: russell.buhite@ogletree.com

16

*Attorneys for Defendant Sun Life*

17

*Assurance Company of Canada*

18

19

20

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 25
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on the 25th day of January, 2023, I served the foregoing

3

DEFENDANT SUN LIFE ASSURANCE COMPANY OF CANADA'S ANSWER

4

AND DEFENSES TO PLAINTIFF'S COMPLAINT via the method(s) below on the

5

following parties:

6

Dale L. Kingman, WSBA #07060
GORDON TILDEN THOMAS & CORDELL, LLP

7

600 University Street, Suite 2915
Seattle, WA 98101

8

Telephone:  (206) 467-6477
Facsimile:  (206) 467-6292

9

Email:  dkingman@gordontilden.com

10

John D. Cadagan, WSBA #47996
GORDON TILDEN THOMAS & CORDELL, LLP

11

421 West Riverside Avenue, Suite 670
Spokane, WA 99201

12

Telephone:  (509) 598-4983
Facsimile:  (206) 467-6292

13

Email:  jcadagan@gordontilden.com

Attorneys for Plaintiff Michael J. Hanson

14

15

☒ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

16

17

☐ by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the United States Postal Service in Seattle, Washington.

18

19

☐ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

20

DEFENDANT SUN LIFE ASSURANCE
COMPANY OF CANADA'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT - 26
Case No. 2:22-cv-00306-MKD

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7052 | Fax: 206-693-7058

1    SIGNED THIS 25th day of January, 2023 at Seattle, Washington.

2                                        OGLETREE, DEAKINS, NASH, SMOAK
                                         & STEWART, P.C.

3
                                         By: */s/ Cheryl L. Kelley*
4                                            Cheryl L. Kelley, Practice Assistant
                                             cheryl.kelley@ogletree.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20